LAPHAM, Appellant, v. LEONARD et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by G. Frank Lapham against Clayton D. Leonard and others. No opinion. Judgment affirmed, with costs.

LARKIN, Respondent, v. WALKER, Appellant. (Supreme Court, Appellate Term. June, 1902.) Action by William J. Larkin against Winfield W. Walker. Hill, Sturcke & Andrews, for appellant. Rosenthal & Greenberg, for respondent.

FREEDMAN, P. J. Although the appellant's attorney has submitted a voluminous brief, setting forth numerous errors as grounds for a reversal of the judgment rendered against his client, an examination of the record shows that to a large portion of the evidence, which should have been received under objection, if admitted at all, no objections were made. The following are some of the facts disclosed by the record: The plaintiff herein obtained an order of arrest, based upon an affidavit verified March 14, 1902, setting forth the purchase by the defendant, upon credit, of certain goods, wares, and merchandise, and containing allegations tending to show that to induce such credit the defendant had made false and fraudulent statements as to his responsibility. A summons was served upon the defendant, and, as appears by one indorsement thereon, the complaint was for goods, wares, and merchandise sold and delivered, and money loaned. Another indorsement thereon, evidently made at a subsequent time, is as follows: "Amended to obtain money by fraud and deceit." The justice before whom the case was tried returns that the pleadings were oral, and that the plaintiff appeared before him on the 22d day of March,

1902, and complained of the defendant for "goods sold and delivered and money loaned," and that said complaint was thereafter amended to "obtaining money by fraud and deceit." When this amendment, which changed the entire cause of action from one of breach of contract to that of tort, was done, or whether it was done with the knowledge or consent of the defendant or his attorneys, does not appear upon the trial. The claim of the plaintiff, and for which sum he had judgment, was proven in this manner: "Q. And after you had furnished him to the amount sued for, or just how much,—$185.00,—what did you find out?" The answer has no reference to the amount or value of the articles sold the defendant. Then follows this: "Q. Did you get any part of the $185 from him? A. No, sir. Q. And all that is due? A. Yes." This was all the testimony, except the introduction of a book, of which mention will hereafter be made, tending to establish an indebtedness from the defendant to the plaintiff. No delivery of any article is shown, nor any evidence of the value thereof. The plaintiff was the only witness sworn on his own behalf, and he testified that all the goods sold to the defendant prior to November 1, 1901, had been fully paid for. He also produced a book in court which he stated contained an account of the goods sold to the defendant after November 1, 1901, up to and including February 27, 1902, which constituted his claim against the defendant. Neither party offered the book in evidence, but the trial judge ordered it so marked, which was done without objection. The book contains charges upon nearly every consecutive day, between the two days above named, and each charge is in the same handwriting and apparently in the same ink. The charges made therein against the defendant aggregate, from the 1st day of November, 1901, to the 1st day of February, 1902, the sum of $104.05. Under date of February 3, 1902, the plaintiff wrote a letter to the defendant, which appears in evidence, acknowledging the receipt of $10, and says in said letter, "which leaves a balance due me of $18.99." No satisfactory explanation of this discrepancy was given, and none was asked for. The testimony of the plaintiff relative to the sale of goods to the defendant and to the alleged false statements were explicitly denied by the defendant. Without reciting other facts or circumstances shown by the return herein, we believe that the interests of justice require that a new trial should be ordered, especially as it is claimed that the defendant herein is an infant, and the judgment rendered against him authorizes the issuing of an execution against his body. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.